IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No: 5:17-cv-506

| | |
|---|---|
| CUSTOM DYNAMICS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| LITE CYCLE, INC. and DANIEL ) | |
| GORACOFF, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Custom Dynamics, LLC. ("Custom Dynamics"), complains of Defendants Lite Cycle, Inc. and Daniel Goracoff, as follows:

## PARTIES

1. Plaintiff is a North Carolina corporation with its principal place of business in Wake Forest, North Carolina.

2. Defendant Lite Cycle, Inc. is a Florida corporation with its principal place of business in Hollywood, Florida.

3. Defendant Goracoff is an individual residing in Hollywood, Florida. Upon information and belief, Mr. Goracoff is an officer and owner of Defendant Lite Cycle, participated in the actions complained of herein and/or had supervisory control of the activities, and he personally benefitted from the complained of actions.

## JURISDICTION AND VENUE

4. This case is brought pursuant to the Lanham Act, 15 U.S.C. § 1052, et seq. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Defendant Lite Cycle advertises and sells its infringing products nationwide, to

include in this judicial district. Defendant Lite Cycle is a former distributor of Plaintiff's products who had regular and systematic ties to this district, to include regarding transactions involving the marks at issue in this lawsuit.

6. Defendant Lite Cycle further entered into a business arrangement with Plaintiff in this judicial district, namely, Defendant Lite Cycle purchased and distributed Plaintiff's products. Defendant Lite Cycle now counterfeits Plaintiff's product.

## FACTS

7. Custom Dynamics is a leading manufacturer and seller of motorcycle lights worldwide.

8. Custom Dynamics markets and sells its products through a variety of channels, to include:

   a. through a large network of Dealers and Installers.

   b. directly to consumers through Custom Dynamics' website at www.customdynamics.com.

   c. internationally, to include through the international Drag Specialties catalogues and dealer network.

   d. directly to consumers through Custom Dynamics' eBay store.

   e. at motorcycle rallies and shows throughout the United States.

   f. a showroom and store where it sells directly to customers.

9. Custom Dynamics interacts with its fans and supporters through social media and maintains pages on popular social media sites, such as Facebook, YouTube, and Twitter. Custom Dynamics' Facebook page is "liked" by tens of thousands of people.

10. Custom Dynamics dedicates itself to providing cutting edge lighting solutions.

Custom Dynamics recognized that LED light sources could provide a superior headlight, allowing motorcyclists to better see when riding at night and allowing other motorists to more easily see motorcyclists. To that end, Custom Dynamics developed the TruBEAM® motorcycle headlight. The TruBEAM® headlight is a premium LED headlight that includes three low beam LEDs, two high beam LEDs, and options for additional lighting. Images of the TruBEAM® headlight are shown below:



11. Custom Dynamics owns U.S. Trademark Registration No. 4,909,270 for TRUBEAM for motorcycle headlamps. Custom Dynamics' federal registration rights date to December 3, 2013. A true and accurate copy of Custom Dynamics' certificate of registration for TRUBEAM is attached hereto as Exhibit A. Custom Dynamics uses the registration symbol ® in conjunction with tis TRUBEAM mark.

12. A true and accurate picture of Custom Dynamics' trademark usage on its TRUBEAM® product packaging is shown below:



3

13. The TRUBEAM® headlight was welcomed and embraced by motorcycle enthusiasts. Custom Dynamics' TRUBEAM® customers appreciate the greater visibility and safety that this product provides. Blogs about motorcycling have covered the TRUBEAM® favorably. The TRUBEAM® product is a commercial success and is known as a top quality product in the motorcycle lighting market.

14. Custom Dynamics uses unique product identifiers to identify its products. These product identifiers function as trademarks.

15. Other motorcycle LED manufacturers have their own unique identification system. They do not use the same system as Custom Dynamics. For example, manufacturer Radiantz uses its own, unique product identification system that is different than the one utilized by Custom Dynamics.

16. Consumers are familiar with and aware of Custom Dynamics' product identification naming schema. As a result, consumers often ask for Custom Dynamics' products by their product identification.

17. Consumers search the Internet to find dealers selling the specific Custom Dynamics products they wish to purchase. As part of these searches, consumers often include the Custom Dynamics product identifier for the product they wish to purchase.One of Custom Dynamics' popular products is the GEN-200-AW-1157. The GEN-200-AW-1157 was Custom Dynamics' original full function amber/white turn signal. Due in part to their brightness and quality, GEN-200-AW-1157 products are in high demand from motorcycle lighting enthusiasts.

18. Custom Dynamics advertises the GEN-200-AW-1157 under the GEN-200-AW-1157 trademark. For example, a page from Custom Dynamics' website showing this advertisement, along with the mark and the TM symbol, is shown below:



19. Motorcycle enthusiasts recognize GEN-200-AW-1157 as identifying a specific Custom Dynamics product. For example, consumers conduct Internet searches for GEN-200-AW-1157 to locate dealers who are selling Custom Dynamics' GEN-200-AW-1157 turn signals.

20. Consumers refer to Custom Dynamics' GEN-200-AW-1157 product on Internet forums. For example, on the Road Glide forum at roadglide.org, user RedRoadGlide stated: "I went with GEN 200 AW 1157 for the front, but first I had to change my turn signals to USA spec with the running light, and the rear I have the new run/red brake/red turn/amber 1156." By way of a second example, on the Harley Davidson Forums, www.hdforums.com, when a user inquired into the lighting product shown in a photograph, another user recognized the product and identified it stating, "I believe he has the Bullit [sic] style 'inserts' – Item: GEN200-AW-1157."

21. Another such Custom Dynamics product is the GEN-SSHD, which identifies a smart signal stabilizer for Harley Davidson motorcycles. Consumers discuss this product as

5

GEN-SSHD.

22.     Defendant Lite Cycle, Inc. is a former dealer of Custom Dynamics products. While it was a dealer, Defendant Lite Cycle sold Custom Dynamics' products, to include the TRUBEAM® headlights and GEN-200-AW-1157 turn signals.

23.     Custom Dynamics requires its distributors and dealers to adhere to Custom Dynamics' advertising policy.  That policy requires that "No trademarks or copyrighted material may be used in any advertisement, catalog, or publication, whether printed, audio, video, or electronic, unless the price used is the suggested retail price as published by Custom Dynamics." This policy applies to all distributors and dealers.

24.     After Lite Cycle violated the advertising policy multiple times, Custom Dynamics terminated its relationship with Defendant Lite Cycle.

25.     After Custom Dynamics ended its relationship with Defendant Lite Cycle, Defendant Lite Cycle began offering a 7" LED headlamp, available in chrome or black chrome (smoked) finish, under the name VUEBEAM.

26.     Defendant Lite Cycle offered its VUEBEAM headlamp for sale on eBay.  A screen shot of one of Defendant Lite Cycle's VUEBEAM listings on eBay is shown below:



27. Defendant Lite Cycle's VUEBEAM mark looks like Plaintiff's registered TRUEBEAM® mark. Defendant simply swapped out the "TR" in Plaintiff's mark for a "V."

28. Defendant Lite Cycle's VUEBEAM mark sounds like Plaintiff's registered TRUEBEAM® mark. The marks have the same number of syllables, the same vowel combinations, the same ending ('beam'), and sound nearly identical.

29. Defendant Lite Cycle used the VUEBEAM mark to offer motorcycle headlamps.

30. Defendant Lite Cycle used a nearly identical mark as Custom Dynamics' TRUEBEAM® mark to offer the identical goods and services as those offered by Custom Dynamics under its mark, to the same class of consumers, through the same channels of trade.

31. Defendant Lite Cycle infringed Custom Dynamics' rights in its registered TRUEBEAM® trademark.

32. After Custom Dynamics ended its relationship with Defendant Lite Cycle, Defendant Lite Cycle obtained LED turn signal products from another LED supplier, Radiantz, and sold the Radiantz LED turn signals on eBay.

33. Although it was selling Radiantz turn signals and not Custom Dynamics turn signals, Defendant Lite Cycle used and continues to use the GEN-200-AW-1157 mark in its advertising. For example, Defendant Lite Cycle uses Custom Dynamics' GEN-200-AW-1157 trademark in the title for the listing shown below:



34. A search of eBay for "gen-200-aw-1157" returns 98 results. The second listing on the search results is from Defendant Lite Cycle. Defendant Lite Cycle, however, is not selling GEN-200-AW-1157 lights. It sells a Radiantz product. Nonetheless, consumers who search eBay for Custom Dynamics' product using Custom Dynamics' trademark and see Defendant Lite Cycle's listing in these results are likely to be misled into believing that Defendant Lite Cycle is offering actual GEN-200-AW-1157 turn signal lights.

35. Defendant Lite Cycle is using an identical copy of Custom Dynamics' GEN-200-AW-1157 trademark to offer the same goods, namely LED turn signals, to the same group of consumers via the same channels as Custom Dynamics.

36. Defendant Lite Cycle routinely includes Custom Dynamics' unique product identifiers in Defendant's eBay listings to offer third party products for sale.

37. Defendant Lite Cycle offers a "USA MADE GEN-SSHD SMART LED Turn Signal Stabilizer Load Equalizer' on eBay. An example of one of Defendant Lite Cycle's listings for this product is shown below:



38. Users searching for "GEN-SSHD" on eBay or a search engine, desiring to purchase Custom Dynamics' product associated with that product identifier, will discover that Defendant Lite Cycle's GEN-SSHD listing will be among their results. As Defendant Lite Cycle

titles its listing "USA MADE GEN-SSHD," consumers assume that Defendant Lite Cycle is selling actual GEN-SSHD products.

39. Consumers who purchase products from Defendant Lite Cycle's "GEN-SSHD" listings do not receive the Custom Dynamics product that is sold under the identifier GEN-SSHD. Instead, the consumers receive a product from another manufacturer, Biketronics. A search of the Biketronics website revealed Biketronics does not use the designation "GEN-SSHD."

40. This is not Defendant Lite Cycle's only listing using Custom Dynamics' product identifier. Defendant Lite Cycle uses GEN-SMART-TPU-HD, another Custom Dynamics' product identifier, in the listing shown in the screen shot below:



41. Defendant Lite Cycle is not selling actual GEN-SMART-TPU-HD products from Custom Dynamics. Instead, Defendant Lite Cycle provides consumers a product from

Biketronics. Biketronics uses the product identifier BT802 for this product.

42. Defendant Lite Cycle's use of Custom Dynamics' product identifiers in its eBay listings is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Lite Cycle with Custom Dynamics, or as to the origin, sponsorship, or approval of Defendant Lite Cycle's goods by Custom Dynamics.

43. By letters dated August 16, 2017 and September 20, 2017, Custom Dynamics demanded Defendants to cease and desist their infringing activities. Despite these repeated demands, Defendants continued infringing and continue to infringe Custom Dynamic's common law marks.

**COUNT I**
**Trademark Infringement: Infringement of a Registered Mark**
15 U.S.C. § 1114

44. Plaintiff realleges the preceding paragraphs.

45. Plaintiff owns U.S. Trademark Registration No. 4,909,270 for TRUBEAM®.

46. Plaintiff sells motorcycle headlamps under its TRUBEAM® mark, including but not limited to 7" LED headlamps in chrome or black chrome (smoked) finish.

47. Defendant Lite Cycle offered to sell a 7" LED headlamp, available in chrome or black chrome (smoked) finish, under the mark VUEBEAM.

48. Defendant Lite Cycle's VUEBEAM mark looks and sounds like Plaintiff's registered TRUEBEAM® trademark.

49. Defendant Lite Cycle offered a product that directly competes with Plaintiff's TRUBEAM® headlight, under a mark confusingly similar to Plaintiff's registered trademark.

50. Defendant Lite Cycle offered its infringing product through the same channels as Plaintiff, to include the Internet.

51. Defendant Lite Cycle advertised through the same channels as Plaintiff, to include Internet websites.

52. Defendant Lite Cycle's use of VUEBEAM to sell motorcycle headlamps is likely to cause confusion, or to cause mistake, or to deceive.

53. Defendant Goracoff personally controlled Defendant Lite Cycle and caused Defendant Lite Cycle to use the VUEBEAM mark.

54. Defendants knew of Plaintiff's rights and intended to confuse consumers.

55. Defendants intentionally infringed Plaintiff's rights in Plaintiff's registered TRUEBEAM® trademark.

## COUNT II
### False Designation Of Origin: Common Law Trademark Infringement
15 U.S.C. § 1125(a)

56. Plaintiff realleges the preceding paragraphs.

57. Plaintiff uses its product identifiers, such as GEN-200-AW-1157, GEN-SSHD, and GEN-SMART-TPU-HD (collectively referred to herein as the "Custom Dynamics Common law Marks") to identify specific products of Custom Dynamics. Through longstanding and successful use, consumers recognize these product identifiers as trademarks for the products.

58. Consumers recognize the Custom Dynamics Common law Marks as identifying Custom Dynamics' products or at least as originating from a particular source.

59. Defendant Lite Cycle uses the Custom Dynamics Common law Marks in its eBay listings, to include in eBay listing titles, to offer products manufactured by third parties, to include Radiantz.

60. Defendant Lite Cycle uses identical marks to the Custom Dynamics Common law Marks to offer the same type of products, to the same consumers, through the same channels of

trade, namely the Internet.

61. Defendant Lite Cycle's use of the Custom Dynamics Common law Marks in its eBay listings is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Lite Cycle with Custom Dynamics, and as to the origin, sponsorship, or approval by Custom Dynamics of Defendant Lite Cycle's goods.

62. Defendant Goracoff personally controlled Defendant Lite Cycle and caused Defendant Lite Cycle to use the Custom Dynamics Common law Marks.

63. Defendants knew of Plaintiff's rights and intended to confuse consumers.

64. Defendants' acts are intentional, willful, and malicious

65. Defendants are infringing Plaintiff's the Custom Dynamics Common law Marks.

## COUNT III
### False Designation Of Origin: Passing Off
15 U.S.C. § 1125(a)

66. Plaintiff realleges the preceding paragraphs.

67. Plaintiff owns a unique system of product identifiers for Plaintiff's products.

68. Through Plaintiff's efforts, consumers have come to recognize Plaintiff's product identifiers as indicative of source. Consumers refer to Plaintiff's product identifiers to identify specific products that Plaintiff sells. Consumers who see Plaintiff's product identifiers recognize and understand that these product identifiers identify particular products that originate with Plaintiff.

69. Defendant Lite Cycle uses Plaintiff's product identifiers in commerce in connection with its goods or services.

70. Defendant Lite Cycle offers products through Defendant's online store and identifies those products using Custom Dynamics' unique product identifiers.

13
Case 5:17-cv-00506-FL   Document 1   Filed 10/06/17   Page 13 of 17

71. When customers purchase Defendant Lite Cycle's products advertised and offered with Custom Dynamics' product identifiers, they reasonably believe they are purchasing Custom Dynamics' well regarded products.

72. Defendant Lite Cycle does not provide consumers with Custom Dynamics products. Instead, Defendant provides customers with products manufactured by third parties, such as Radiantz and Biketronics.

73. Defendant Lite Cycle's use of Custom Dynamics' unique product identifiers, to include in its online store, is likely to cause confusion, or to cause mistake as to the origin of Defendant Lite Cycle's goods, services, or commercial activities.

74. Defendant Lite Cycle is engaging in passing off.

75. Defendant Goracoff personally controlled Defendant Lite Cycle and caused Defendant Lite Cycle to use Custom Dynamics' product identifiers to offer third party products.

76. Defendants knew of Plaintiff's rights and intended to confuse consumers.

77. Defendants' acts are intentional, willful, and malicious.

78. Defendants' passing off violates the Lanham Act, 15 U.S.C. § 1125(a)(1).

### COUNT IV
### False Advertising
15 U.S.C. § 1125(a)

79. Plaintiff realleges the preceding paragraphs.

80. Plaintiff owns a unique system of product identifiers for Plaintiff's products.

81. Through Plaintiff's efforts, consumers have come to recognize Plaintiff's product identifiers as indicative of source. Consumers refer to Plaintiff's product identifiers to identify specific products that Plaintiff sells. Consumers who see Plaintiff's product identifiers recognize and understand that these product identifiers identify particular products that originate with

14
Case 5:17-cv-00506-FL   Document 1   Filed 10/06/17   Page 14 of 17

Plaintiff.

82. Defendant Lite Cycle uses Plaintiff's product identifiers in commerce in connection with its goods or services. Defendant Lite Cycle misrepresents the nature, characteristics, and qualities of Defendant Lite Cycle's motorcycle products. In particular, Defendant Lite Cycle's use of Plaintiff's product identifiers misrepresents that Defendant Lite Cycle is offering Plaintiff's products.

83. Defendant Lite Cycle offers products through Defendant's online store and identifies those products using Custom Dynamics' unique product identifiers. These listings constitute a commercial advertising or promotion.

84. When customers purchase Defendant Lite Cycle's products advertised and offered with Custom Dynamics' product identifiers, they reasonably believe they are purchasing Custom Dynamics' well regarded products.

85. Defendant Lite Cycle does not provide consumers with Custom Dynamics products. Instead, Defendant provides customers with products manufactured by third parties, such as Radiantz and Biketronics.

86. Defendant Lite Cycle is engaging in false advertising.

87. Defendant Goracoff personally controlled Defendant Lite Cycle and caused Defendant Lite Cycle to engage in false advertising.

88. Defendants knew of Plaintiff's rights and intended to confuse consumers.

89. Defendants' acts are intentional, willful, and malicious.

90. Defendants' passing off violates the Lanham Act, 15 U.S.C. § 1125(a)(1).

# COUNT V
## Unfair and Deceptive Trade Practices
N.C. Gen. Stat. §§ 75-1.1 and 75-16

91. Plaintiff realleges the preceding paragraphs.

92. As described in Counts I-IV, Defendant is engaging in infringement of registered trademarks, infringement of common law trademarks, passing off, and false advertising.

93. Defendant engaged in infringement of registered trademarks, infringement of common law trademarks, passing off, and false advertising in North Carolina.

94. North Carolina consumers have been harmed by Defendant's bad acts.

95. Defendants' acts further constitute unfair and deceptive trade practices under North Carolina law.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays the Court:

A. Find against Defendants on all counts;

B. Find that Defendants' infringement was willful;

C. Award Custom Dynamics its monetary damages suffered due to Defendants' bad acts;

D. Order Defendant to provide an accounting of all sales of products that were marketed or sold as Custom Dynamics products, VUEBEAM products, the Custom Dynamics Common law Marks products, products from listings including any other Custom Dynamics' product identifiers, or all combinations thereof;

E. Disgorge Defendants' profits obtained from its bad acts;

F. Order the destruction of all Defendants' inventory and materials related to the infringing products;

G. Enjoin Defendants and all those acting in concert with Defendants from using any mark substantially similar to Custom Dynamics' trademarks, from using any product identifier confusingly similar to Custom Dynamics' product identifiers, and from making any representation that Defendant Lite Cycle's products originate from Custom Dynamics;

H. Order Defendants to run corrective advertising on all media and social media channels regarding their infringing activities and offering full refunds to all consumers who were deceived;

I. Award treble damages;

J. Award Plaintiff its reasonable attorneys' fees;

K. Tax the costs of this action and prejudgment interests against Defendants; and

L. Grant Plaintiff such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury be held on all issues so triable.

Respectfully submitted, this the 6th day of October, 2017.

            **Coats & Bennett, PLLC**
            **Attorneys for Custom Dynamics, LLC**

    By:  */s/ Anthony J. Biller*
        Anthony J. Biller
        NC State Bar No. 24,117
        Emily M. Haas
        NC State Bar No. 39,716
        1400 Crescent Green, Suite 300
        Cary, North Carolina 27518
        Telephone: (919) 854-1844
        Facsimile: (919) 854-2084
        Email: abiller@coatsandbennett.com
           ehaas@coatsandbennett.com