IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-506-FL

| | | |
|---|---|---|
| CUSTOM DYNAMICS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LITE CYCLE, INC., and DANIEL GORACOFF, | ) ) | |
|     Defendants. | ) | |

This matter is before the clerk on the motion for entry of default [DE-12] filed by plaintiff Custom Dynamics, Inc. Therein, plaintiff seeks entry of default as to defendants Lite Cycle, Inc., and Daniel Goracoff.

Plaintiff initiated this action by filing a complaint [DE-1] in this court on October 6, 2017, along with proposed summons addressed to defendant Goracoff and to "Lite Cycle, Inc., c/o Daniel Goracoff, Registered Agent, 2701 Scott Street, Hollywood, FL 33020" [DE-1-2; DE-1-3]. Those proposed summonses were issued by the clerk on October 11, 2017 [DE-6]. Plaintiff later requested summons be reissued as to defendant Lite Cycle, Inc., with the proposed summons addressed to "Lite Cycle, Inc., c/o Marc Silverman, Registered Agent, 7760 8th Street, Pembroke Pines, FL 33024" [DE-7].

On November 15, 2017, plaintiff filed the declaration of Ujajaine Sorey [DE-9], detailing the efforts to serve defendant Goracoff individually and as an agent or officer of Lite Cycle, Inc. In summary, plaintiff attempted to serve Goracoff and Lite Cycle by personal service on Goracoff numerous times at 2701 Scott Street, Hollywood, Florida, with no success. Decl. of Sorey ¶ 3 [DE-9]. Plaintiff then attempted to send a waiver of service to Goracoff and Lite Cycle via delivery by Federal Express to 2701 Scott Street, Hollywood Florida. Id. ¶¶6-7. According to Sorey,

Federal Express received separate calls from "Barbara" and "James" stating that they were not familiar with Daniel Goracoff or Lite Cycle, and Federal Express subsequently picked up on the unopened envelope on October 25, 2017. Id. ¶¶ 8-9. In his declaration, Sorey also references property records suggesting that Goracoff resides with his wife, Barbara Goracoff, at 2701 Scott Street, Hollywood, Florida. See id. ¶¶ 10-11; Exs. B & C [DE-9-2; DE-9-3]. Sorey also references records showing that Lite Cycle has recently shipped packages with a return address of 2701 Scott Street, Hollywood Florida. Decl. of Sorey ¶ 12 [DE-9]; Ex. D [DE-9-4]. According to Sorey, a process server went to 2701 Scott Street on November 8, 2017, and spoke with a man who identified himself as "Sam," who would not provide his last name. Decl. of Sorey ¶ 14 [DE-9]. Sam informed the process server that Daniel Goracoff was in Germany and was expected to remain there for another two and a half months. Id. Sorey stated that the "[t]he process server read the style of the case and explained the contents of the matter aloud to Sam," who then shut the door. Id. The process server posted the papers on the door. Id.

On December 12, 2017, plaintiff filed the instant motion for entry of default [DE-12], and attached an apparent printout of a comment made by Goracoff on plaintiff's Facebook page regarding this action. See Mot. for Entry of Default, Ex. A [DE-12-1]. Plaintiff asserts that service was made on both Goracoff and Custom Lite, Inc., on November 8, 2017.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that the defendants have failed to file an answer or otherwise appear in this action in this court. Plaintiff must also show, however, by affidavit or otherwise, that both defendants were properly served. Without being properly served, a defendant has no obligation to

file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

The clerk finds that the record shows that defendant Goracoff was properly served. Specifically, the clerk finds that plaintiff effected service on Goracoff pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

The clerk cannot yet find, however, that proper service was effected on defendant Custom Lite, Inc. Proper service may be effected on a corporation under Rule 4(h) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made, or by delivering a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Here, plaintiff alleges that Lite Cycle, Inc., is a Florida corporation, see Compl. ¶ 2 [DE-1], and appears to contend that by serving Goracoff, it has effected service on Lite Cycle, Inc. The records of the Florida Secretary of State, however, show that Goracoff was last listed as an officer and registered agent for Lite Cycle in 2012. See Lite Cycle, Inc.'s Statement of Change of Registered Office/Agent (Oct. 22, 2012), http://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2012%5C1026%5C40957201.Tif&documentNumber=P07000017257 (last accessed February 27,

2018) (removing Goracoff as the registered agent and officer for Lite Cycle).[1] The registered agent and sole officer listed for Lite Cycle from October 2012 until its administrative dissolution in 2016 is Marc Silverman, at the address 7760 NW 8th Street, Pembroke Pines, Florida, 33024. See Lite Cycle, Inc's Corporate Filings, http://search.sunbiz.org/Inquiry/CorporationSearch/ByName (search entity name by Lite Cycle Inc.) (last accessed February 27, 2018).

For purposes of Rule 4(h), "[t]o be an agent of a corporation, . . . an individual ordinarily must be in the current employ of the organization upon which service of the summons and complaint is to be made." In re Game Tracker, Inc., 746 F. Supp. 2d 207, 213, n.7 (D. Me. 2010) (citing Westcott-Alexander, Inc., v. Dailey, 264 F.2d 853 (4th Cir. 1959) (finding that service of process on a foreign corporation could not be made by delivering it to the corporation's former agent after he ceased to represent the corporation, although the cause of action arose out of his activity while representing the corporation)). Here, without additional information, the clerk cannot find that serving Goracoff was sufficient to serve Lite Cycle, Inc., where the records of the Florida Secretary of State indicate that Goracoff was not authorized to accept service of process on behalf of the entity at the time of its dissolution.

Accordingly, the motion for entry of default is GRANTED as to only defendant Goracoff, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default is ENTERED against defendant Daniel Goracoff.

The clerk reserves ruling on the motion for entry of default as to defendant Lite Cycle, Inc. Plaintiff is DIRECTED to file, within 21 days of the filing date of this order, additional briefing

---

[1] Goldfarb v. Mayor and City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015) (observing that a court may take judicial notice of matters of public record).

explaining why the November 8, 2017 service on Goracoff is sufficient to show service on Lite Cycle, Inc.

SO ORDERED. This the  27  day of February, 2018.

_____
Peter A. Moore, Jr.
Clerk of Court